## SUPERIOR COURT OF THE STATE OF WASHINGTON
## FOR SNOHOMISH COUNTY

| | |
|---|---|
| DENNIS WILLARD, <br><br> Plaintiff, <br><br> v. <br><br> AINSWORTH GAME TECHNOLOGY, INC., a Florida corporation, <br><br> Defendant. | NO. <br><br> COMPLAINT FOR UNPAID WAGES |

Plaintiff alleges as follows:

### I.  PARTIES

1.1  Plaintiff Dennis Willard (hereinafter "Willard") resides in Snohomish County, Washington and is a former employee of Defendant Ainsworth Game Technology, Inc. ("AGT").

1.2  Defendant AGT is a Florida corporation registered as a foreign corporation with the Washington Secretary of State, and is licensed to do business in the State of Washington. Defendant has business operations in Snohomish County, Washington and acts as an employer subject to the laws of the State of Washington.

### II.  JURISDICTION AND VENUE

2.1  Defendant was engaged in business in Snohomish County, Washington at all times relevant to this Complaint.

COMPLAINT FOR WAGES - 1 of 4
[4832-7658-3340]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565

2.2 The acts alleged in this Complaint occurred in Snohomish County, Washington.

2.3 Jurisdiction is proper in Snohomish County Superior Court.

2.4 Venue in Snohomish County Superior Court is proper.

### III. FACTUAL BACKGROUND

3.1 Plaintiff Willard began his employment with AGT on or about July 31, 2017 as an Account Executive engaged in sales of AGT electronic gaming equipment. The terms of Willard's employment were set out in a written offer of employment signed by AGT and counter-signed by Willard.

3.2 The terms of Willard's employment specified that he would be paid a biweekly base salary and classified as an exempt employee. He was also told that he would participate in AGT's Annual Sales Compensation Plan.

3.3 AGT adopted the Sales Compensation Plan North America on or about July 1, 2018. Willard received monthly commissions paid under the plan from August 2018 through December 2018, along with monthly commission reports. Willard's 2018 commission payments were over $45,000.

3.4 Beginning in January 2019, AGT ceased providing Willard with monthly commission reports. AGT did not make any monthly commission payments to Willard in 2019.

3.5 Willard made several large sales of AGT equipment in the early part of 2019. Despite his strong sales performance, AGT did not pay him any commissions, and on July 15, 2019, AGT terminated Willard's employment.

3.6 AGT informed Willard that he was "ineligible for any additional

COMPLAINT FOR WAGES - 2 of 4
{4832-7658-3340}

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565

[commission] payments based on his termination."

3.7   AGT's Sales Compensation Plan purports to limit commissions in the event of termination or resignation of a sales team member from the company, but it does provide that employees are eligible at least for "commissions earned through the last day work was actually performed" and further states that such commissions will include transactions for which AGT has received full or partial payment from a customer "within 30 days after" an employee's departure.

3.8   AGT failed to pay Willard any commissions earned between January 2019 and August 15, 2019 (30 days following his departure).

## IV.   CAUSE OF ACTION: UNPAID WAGES

4.1   AGT and Willard entered into an employer/employee relationship, as defined in RCW Title 49. Willard was employed as a sales representative as that term is defined in Chapter 49.48 RCW.

4.2   AGT's "Sales Compensation Plan North America" required payment of commissions to Willard within a specified time period during and after his employment with AGT.

4.3   Willard was entitled to receive commission payments in accordance with the AGT Sales Compensation Plan and in accordance with RCW 49.48.160.

4.4   AGT failed and willfully refused to make payment of Willard's commissions for any month Willard worked in 2019, despite being informed of their obligation to do so. AGT willfully violated RCW Chapter 49.48 and RCW 49.52.050.

4.5   Willard is entitled to recover damages, including but not limited to wages in the form of commissions earned and unpaid in an amount to be determined after

COMPLAINT FOR WAGES - 3 of 4
{4832-7658-3340}

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565

examination of the commissions reports being withheld by AGT. Willard is also entitled to double damages, attorneys' fees, and costs as permitted by law.

4.6     Pre- and post-judgment interest should accrue on the principal amount of the withheld compensation as a liquidated sum, calculated at the rate of twelve percent (12%) per annum from the time the amounts became due to Willard.

## VII.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays as follows:

a.  For compensation owed;

b.  For double damages pursuant to RCW 49.52.070;

c.  For an award of reasonable attorneys' fees and costs;

d.  For an award of pre-judgment and post-judgment interest; and

e.  For such other relief and the court deems just and equitable.

Dated this 12th day of November, 2019.

GORDON THOMAS HONEYWELL LLP

By _____
Shelly M. Andrew, WSBA No. 41195
sandrew@gth-law.com
Attorneys for Plaintiff

COMPLAINT FOR WAGES - 4 of 4
[4832-7658-3340]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
TACOMA, WASHINGTON 98402
(253) 620-6500 · FACSIMILE (253) 620-6565

SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR SNOHOMISH COUNTY

| | |
|---|---|
| DENNIS WILLARD,<br><br>                 Plaintiff,<br><br>v.<br><br>AINSWORTH GAME TECHNOLOGY, INC., a Florida corporation,<br><br>                 Defendant. | NO.<br><br>PLAINTIFF'S FIRST REQUESTS FOR ADMISSION TO DEFENDANT |

TO:     AINSWORTH GAME TECHNOLOGY, INC., Defendant

You have been served with Requests for Admission pursuant to CR 36. These Requests for Admission must be admitted, denied, or objected to in accordance with CR 36. Be advised that pursuant to CR 36, the matters contained herein shall be deemed admitted unless we are served a written answer or objection in accordance with CR 36 signed by you, or by your attorney, within thirty (30) days from service of these requests, or within forty (40) days from the date of service of the Summons and Complaint in this action, whichever is longer, or within such shorter or longer time as the Court may allow. Your answer should be served upon the offices of Gordon Thomas Honeywell LLP, 1201 Pacific Avenue, Suite 2100, Tacoma, Washington 98401.

Be further advised that if you fail to admit the genuineness of any document or the

PLTF'S FIRST RFA TO DEF. - 1 of 3
[4824-7004-3304]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565